**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED et al., <br><br> Plaintiffs, <br><br> v. <br><br> NORWICH PHARMACEUTICALS, INC. et al., <br><br> Defendants. | Civil Action No. 20-8966 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the appeal of Magistrate Judge Waldor's Order, entered October 22, 2021 (hereinafter, the "Discovery Order"), by Plaintiffs Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals U.S.A. Inc. (collectively, "Takeda"). Defendant Norwich Pharmaceuticals, Inc. ("Norwich.") has opposed the appeal. For the reasons that follow, the Magistrate Judge's Discovery Order will be affirmed in part and modified in part.

In brief, the Discovery Order required Takeda to produce confidential third-party documents and information to Norwich which, Takeda contends, are protected from disclosure by the discovery confidentiality order (the "Shire DCO") entered in Shire LLC et al. v. Amneal Pharm., LLC et al., Civil Action No. 11-03781 (SRC) (ECF No. 127) (the "Shire Litigation"). Takeda argues that various provisions in the Shire DCO operate to preclude their production in the instant case.

This Court need not delve into the specifics of the provisions in the Shire DCO because Takeda concedes that the DCO contains a provision which allows modification by the Court:

>22. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

(Shire DCO ¶ 22.) Takeda asserts that the Magistrate Judge could not permissibly modify the Shire DCO in the current litigation, but provides neither argument nor authority in support of this assertion.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). In this District, when "the magistrate has ruled on a non dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." Kresefsky v. Panasonic Communs. & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). The burden is on the party filing the appeal to demonstrate that the standard for modifying or setting aside the magistrate judge's ruling has been met. Cardona v. Gen. Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996).

Takeda has not persuaded this Court that the Discovery Order is clearly erroneous or contrary to law, nor an abuse of discretion. Takeda has offered no basis to find that the Magistrate Judge lacked proper authority to effectuate any modification of the Shire DCO necessary to implement her decision on the Discovery Order. This Court reads the Discovery Order so as to imply whatever modification of the Shire DCO may be needed to implement the Magistrate Judge's decision.

Moreover, Norwich states – and Takeda does not dispute – that the Discovery Order gave to the third parties, who originally produced the documents at issue, notice and the opportunity to be heard, and that the Magistrate Judge did in fact hold a hearing; only one third party, Curia Global Inc. ("Curia"), raised objections to the disclosure, and Curia's letter of objection did not

articulate any specifics as to the legal basis for the objection.  As to all materials other than those which were produced by Curia, the Discovery Order is affirmed.  As to the materials which had been produced by Curia, the Discovery Order is modified to the extent that Curia shall be given 10 days to submit a specific statement of the legal basis for its objections, which the Magistrate Judge shall consider before permitting disclosure of the Curia materials.

For these reasons,

**IT IS** on this 23rd day of December, 2021

**ORDERED** that Takeda's appeal of the Magistrate Judge's Discovery Order (Docket Entry No. 133) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to the materials submitted by Curia, the Discovery Order (Docket Entry No.127) is **MODIFIED** as described above; and it is further

**ORDERED** that, as to all other materials, the Discovery Order (Docket Entry No.127) is **AFFIRMED.**

          s/ Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge